**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DEONNES WILLIAMS, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> LAS VEGAS METROPOLITAN POLICE ) <br> DEPARTMENT, a political subdivision of the ) <br> State of Nevada and the County of Clark; ) <br> SHERIFF DOUGLAS GILLESPIE, ) <br> individually and as policy maker of Las Vegas ) <br> Metropolitan Police Department; DOE ) <br> CORRECTIONS OFFICERS I-X, inclusive in ) <br> their individual capacities and DOES 1-10, ) <br> ) <br> Defendants. ) <br> ) | Case No.: 2:13-cv-01340-GMN-NJK <br><br> **ORDER** |

Pending before the Court is the Motion to Dismiss (ECF No. 11) filed by Defendant Douglas Gillespie ("Defendant Gillespie"). Plaintiff Deonnes Williams ("Plaintiff") filed a Response (ECF No. 17) and Defendant Gillespie filed a Reply (ECF No. 20).

**I.   BACKGROUND**

This case arises from injuries that Plaintiff allegedly suffered while incarcerated at the Clark County Detention Center. (Notice of Removal Ex. A ("Compl."), at ¶ 13, ECF No. 1.) Specifically, Plaintiff alleges that, on December 31, 2011, two LVMPD officers approached his vehicle on the side of the road. (*Id.* ¶¶ 10–11.) During the interaction, the LVMPD officers discovered that Plaintiff "had an active warrant with the Las Vegas Justice Court." (*Id.* ¶ 11.) As a result, the officers arrested Plaintiff, took him into custody and "booked [him] at Clark County Detention Center." (*Id.* ¶ 12.) Plaintiff further alleges that, while he was incarcerated, he was "attacked by multiple Doe Correctional Officers and had his left elbow pinned behind his back in a[] hyper internal rotation and flexion type injury and heard his elbow pop." (*Id.*

¶ 13.) Immediately following Plaintiff's release, he sought medical treatment for a fractured elbow. (*Id.* ¶ 14.)

As a result of these injuries, on June 21, 2013, Plaintiff filed a complaint in state court in which he alleged four causes of action: (1) "42 U.S.C. § 1983 [against] Defendant LVMPD and Doe Corrections Officers I-X"; (2) "42 U.S.C. § 1983 – Monell claim against LMVPD, Sheriff Gillespie, and Doe Corrections Officers I-X"; (3) "Negligence against all Defendants"; and (4) "Assault and Battery against all Defendants." (*Id.* ¶¶ 18–40.)  Defendants Las Vegas Metropolitan Police Department ("LVMPD") and Sheriff Douglas Gillespie ("Defendant Gillespie") removed the action to this Court on July 26, 2013. (Notice of Removal, ECF No. 1.) LVMPD filed its Answer to Plaintiff's Complaint on August 16, 2013, (ECF No. 10), and, on that same day, Defendant Gillespie filed the instant Motion to Dismiss (ECF No. 11).  In his Motion, Defendant Gillespie seeks dismissal of all claims asserted against him in both his official and personal capacities. (Mot. to Dismiss, ECF No. 11.)

## II.     LEGAL STANDARD

When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a

violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## III.  DISCUSSION

Plaintiff's Complaint lists four causes of action. The instant motion implicates only the second, third, and fourth causes of action because these are either explicitly asserted against Sheriff Gillespie or against "all defendants." (*See* Notice of Removal Ex. A ("Compl."), at ¶¶ 24–40, ECF No. 1.) Defendant Gillespie first asserts that these three causes of action fail to state a claim against him in his official capacity. (Mot. to Dismiss 3:15–4:9, ECF No. 11.) In addition, Defendant Gillespie's Motion to Dismiss argues that these three causes of action fail to state a claim against him in both his personal and supervisory capacity. (*Id.* 4:11–6:22.) For the reasons discussed below, Defendant Gillespie's Motion to Dismiss is GRANTED. However, the Court grants Plaintiff leave to amend those claims asserted against Defendant Gillespie in his personal capacity.

### A.  Official Capacity Claims

The Supreme Court has previously recognized that "[t]here is no longer a need to bring official-capacity actions against local government officials, for under *Monell*, local government units can be sued directly for damages and injunctive or declaratory relief." *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985). Similarly, the Ninth Circuit has indicated that a claim

against a local government official in his official capacity is redundant of a claim against the local government entity itself. *Center for Bio-Ethical Reform, Inc. v. Los Angeles Cnty. Sheriff Dep't*, 533 F.3d 780, 799 (9th Cir. 2008) (citing *Kentucky v. Graham*, 473 U.S. at 165–66) (affirming the district court's dismissal of a sheriff in his official capacity because "[a]n official capacity suit against a municipal officer is equivalent to a suit against the entity").  Specifically, the Ninth Circuit held that "[w]hen both a municipal officer and a local government entity are named, and the officer is named only in an official capacity, the court may dismiss the officer as a redundant defendant." *Id.*; *see also Luke v. Abbott*, 954 F. Supp. 202, 203–04 (C.D. Cal. 1997) ("After the *Monell* holding, it is no longer necessary or proper to name as a defendant a particular local government officer acting in official capacity.  To do so only leads to a duplication of documents and pleadings, as well as wasted public resources for increased attorneys fees.").

In this case, Plaintiff's Complaint asserts three causes of action against Defendant Gillespie: (1) "42 USC § 1983 – Monell Claim"; (2) Negligence; and (3) Assault and Battery. (Compl. ¶¶ 24–40.)  Plaintiff's Complaint also asserts the same three causes of action against the Las Vegas Metro Police Department ("LVMPD"). (*Id.*)  Accordingly, as in *Center for Bio-Ethical Reform*, Plaintiff's claims against Defendant Gillespie in his official capacity are duplicative of Plaintiff's claims against the LVMPD. 533 F.3d at 799.  For this reason, the Court grants Defendant Gillespie's Motion as it relates to Plaintiff's official capacity claims.

### B.   Personal Capacity Claims

"Personal-capacity suits . . . seek to impose individual liability upon a government officer for actions taken under color of state law.  Thus, . . . 'to establish *personal* liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right.'" *Hafer v. Melo*, 502 U.S. 21, 25 (citation omitted) (quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)).  However, at bottom, "each [g]overnment

official, his or her title notwithstanding, is only liable for his or her own misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).

To adequately plead a local government official's personal liability, a plaintiff must plead facts from which a court could reasonably infer (1) that the official was personally involved in the alleged constitutional deprivation, or (2) the existence of a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Hansen v. Black*, 885 F.2d 642, 645–46 (9th Cir. 1989).  Thus, personal, supervisory liability "exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Id.* (internal quotation marks omitted).

Here, neither party asserts that Defendant Gillespie was personally involved in, or even present during, the alleged incident that resulted in Plaintiff's injuries.  Rather, Plaintiff asserts that he suffered the alleged constitutional violations as a result of a series of policies that all defendants, including Defendant Gillespie, either implemented or ratified. (Compl. ¶ 25.) However, Plaintiff's Complaint lacks any factual allegations specifically linking any of these polices or these actions to Defendant Gillespie.  Similarly, the Complaint lacks any allegations of discrete actions taken by Defendant Gillespie that *caused* the alleged injuries.  Accordingly, because Plaintiff has failed to provide anything beyond insufficient conclusory allegations, the Court must dismiss his complaint against Defendant Gillespie in his personal capacity. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (holding that a formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible); *see also Suever v. Connell*, 579 F.3d 1047, 1061–62 (9th Cir. 2009) (affirming the district court's dismissal of a § 1983 complaint for failing to "differentiate at all among the four named defendants" and

failing "to tie any particular harm that any particular plaintiff allegedly suffered to *any discrete action* taken by [the government official]").

For these reasons, the Court GRANTS Defendant Gillespie's Motion to Dismiss. However, the three causes of action that Plaintiff asserts against Defendant Gillespie in his personal capacity are dismissed without prejudice. Because the Court cannot find that amendment would be futile, the Court grants leave to file an amended complaint that cures the deficiencies identified in this Order.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 11) filed by Defendant Sheriff Douglas Gillespie is **GRANTED**. Plaintiff's causes of action against Defendant Gillespie in his official capacity are dismissed with prejudice. Plaintiff's causes of action against Defendant Gillespie in his personal capacity are dismissed with leave to file an amended complaint.

**IT IS FURTHER ORDERED** that Plaintiff shall file the amended complaint by Wednesday, March 26, 2014. Failure to file an amended complaint by this date will result in dismissal of Plaintiff's second, third, and fourth causes of action against Defendant Gillespie with prejudice.

**DATED** this __12__ day of March, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Judge