UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DEONNES WILLIAMS, )<br>   )<br>         Plaintiff, )<br>   vs. )<br>   )<br>LAS VEGAS METROPOLITAN POLICE )<br>DEPARTMENT, a political subdivision of the )<br>State of Nevada and the County of Clark; )<br>BARRY REDMOND, individually; DOE )<br>CORRECTIONS OFFICERS II-X, inclusive in )<br>their individual capacities and DOES 1-10, )<br>   )<br>         Defendants. )<br>   ) | Case No.: 2:13-cv-01340-GMN-NJK<br><br>**ORDER** |

Pending before the Court is the Motion to Dismiss (ECF No. 53) filed by Defendant Officer Barry Redmond ("Defendant Redmond"). Plaintiff Deonnes Williams ("Plaintiff") filed a Response (ECF No. 57), and Defendant Redmond filed a Reply (ECF No. 58). For the reasons discussed below, the Court finds that Defendant Redmond's Motion to Dismiss is **DENIED**.

I.   **BACKGROUND**

This case arises from injuries that Plaintiff allegedly suffered while incarcerated at the Clark County Detention Center. (Notice of Removal Ex. A ("Compl."), at ¶ 13, ECF No. 1). Specifically, Plaintiff alleges that, on December 31, 2011, two LVMPD officers approached his vehicle on the side of the road. (*Id.* ¶¶ 10–11). During the interaction, the LVMPD officers discovered that Plaintiff "had an active warrant with the Las Vegas Justice Court." (*Id.* ¶ 11). As a result, the officers arrested Plaintiff, took him into custody and "booked [him] at Clark County Detention Center." (*Id.* ¶ 12). Plaintiff further alleges that, while he was incarcerated,

he was "attacked by multiple Doe Correctional Officers and had his left elbow pinned behind his back in a[] hyper internal rotation and flexion type injury and heard his elbow pop." (*Id.* ¶ 13). Immediately following Plaintiff's release, he sought medical treatment for a fractured elbow. (*Id.* ¶ 14).

As a result of these injuries, on June 21, 2013, Plaintiff filed a complaint in state court in which he alleged four causes of action: (1) "42 U.S.C. § 1983 [against] Defendant LVMPD and Doe Corrections Officers I-X"; (2) "42 U.S.C. § 1983 – Monell claim against LMVPD, Sheriff Gillespie, and Doe Corrections Officers I-X"; (3) "Negligence against all Defendants"; and (4) "Assault and Battery against all Defendants." (*Id.* ¶¶ 18–40). Defendants Las Vegas Metropolitan Police Department ("LVMPD") and Sheriff Douglas Gillespie ("Defendant Gillespie") removed the action to this Court on July 26, 2013. (Notice of Removal, ECF No. 1). LVMPD filed its Answer to Plaintiff's Complaint on August 16, 2013, (ECF No. 10), and, on that same day, Defendant Gillespie filed a Motion to Dismiss (ECF No. 11). The Court granted Defendant Gillespie's Motion to Dismiss. (ECF No. 30). On July 4, 2014, Plaintiff filed a Motion to Amend/Correct Complaint to substitute Defendant Doe Corrections Officer I with Defendant Redmond. (ECF No. 35). Plaintiff's Motion was denied without prejudice. (ECF No. 39). Plaintiff filed another Motion to Amend/Correct Complaint (ECF No. 42) on July 25, 2014, and Plaintiff's Motion was granted on August 4, 2014 (ECF No. 47).

## II.     LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegation are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements

of a cause of action will not do." *Id.*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III. DISCUSSION

The applicable statute of limitations for section 1983 actions, regardless of the facts or legal theory underlying a particular case, is the forum state's statute of limitations for personal injury actions. *Fink v. Shedler,* 192 F.3d 911, 914 (9th Cir. 1999) (citing *Wilson v. Garcia,* 471 U.S. 261, 276 (1985)). In Nevada, the statute of limitations for filing a personal injury action is two years. Nev. Rev. Stat. § 11.190(4)(e); *Perez v. Seevers,* 869 F.2d 425, 426 (9th Cir. 1989).

Pursuant to Federal Rule of Civil Procedure 15(c)(1)(A), an amendment relates back to the date of the original pleading when "the law that provides the applicable statute of limitations allows relation back." The parties agree that Nevada law provides the applicable statute of limitations in this case. Nevada Rule of Civil Procedure 10(a) permits a plaintiff to

use "doe" pleading and to amend his complaint to substitute a "doe" defendant for a named defendant once the plaintiff discovers the defendant's true identity. *Nurenberger Hercules–Werke GMBH v. Virostek,* 822 P.2d 1100, 1105–06 (Nev. 1991).

    To relate back, Plaintiff must satisfy a three-part test.  First, Plaintiff must plead "fictitious or doe defendants in the caption of the complaint." *Id.* at 1106.  Second, Plaintiff must set forth in the complaint "the basis for naming defendants by other than their true identity, and clearly specifying the connection between the intended defendants and the conduct, activity, or omission upon which the cause of action is based." *Id.*  Third, Plaintiff must exercise "reasonable diligence in ascertaining the true identity of the intended defendants and promptly mov[e] to amend the complaint in order to substitute the actual for the fictional." *Id.*  Factors bearing on reasonable diligence include, but are not limited to, "whether the party unreasonably delayed amending the pleadings to reflect the true identity of a defendant once it became known, whether the plaintiff utilized judicial mechanisms such as discovery to inquire into a defendant's true identity, and whether a defendant concealed its identity or otherwise obstructed the plaintiff's investigation as to its identity." *Sparks v. Alpha Tau Omega Fraternity, Inc.,* 255 P.3d 238, 243 (Nev. 2011) (citations and internal quotation marks omitted).

    Plaintiff's compliance with the first two prongs of the three-part *Nurenberger* test is not in dispute.  Rather, Defendant Redmond asserts that Plaintiff did not comply with the third prong because "Plaintiff failed to act with either diligence or promptness in submitting his request to amend to this Court." (Def.'s Mot. to Dismiss 6:18–19, ECF No. 53).  Specifically, Defendant Redmond asserts that "Plaintiff [] notified LVMPD of the impending suit in July of 2012 . . . [and] [d]espite this, Plaintiff waited until there was only six (6) months left on the statute of limitations before filing his Complaint." (*Id.* 4:11–16).  Moreover, Defendant Redmond asserts that, before the expiration of the statute of limitations, LVMPD identified

only three individual officers, one of them being Defendant Redmond, in their list of persons likely to have knowledge of material facts pursuant to Local Rule 26–1 ("Initial Disclosure"). (*Id.* 4:21–5:1). Additionally, Defendant Redmond asserts that Plaintiff failed to send discovery requests to LVMPD regarding the officers listed in the Initial Disclosure before January 22, 2014, when discovery was scheduled to cut off in the Court's initial Discovery Order. (*Id.* 5:7–13).

Furthermore, Defendant Redmond asserts that "Plaintiff propounded his written discovery upon LVMPD on January 28, 2014," after the parties stipulated to extend discovery for ninety days, and "LVMPD provided its responses to Plaintiff on March 12, 2014, along with a supplemental production of documents." (*Id.* 5:16–22). Defendant Redmond explains that "[i]n the responses to the Interrogatories, LVMPD directly told Plaintiff that the Officer who allegedly grabbed Plaintiff from the chair in booking and escorted him down the hall to the side cell was Officer Barry Redmond," and "[i]n document disclosures made that same day, LVMPD provided Plaintiff with the transcribed statement of Officer Redmond which also identified him as the Officer who had direct contact with Williams and who was recorded on video surveillance." (*Id.* 5:22–6:4). Concluding, Defendant Redmond asserts that Plaintiff, moving to amend the Complaint on July 4, 2014 to add Defendant Redmond as a defendant, "waited nine (9) months after Defendants first disclosed Officer Redmond's name, seven (7) months after the statute of limitations ran, and four (4) months after Redmond was clearly a DOE, to request leave to amend." (*Id.* 6:14–18).

Plaintiff does not dispute the facts set forth by Defendant Redmond. Rather, Plaintiff asserts that "when Plaintiff had the opportunity to review the surveillance footage of the incident, Plaintiff was able to determine that Defendant Barry Redmond was the primary aggressor and the only Doe Correctional Officer who should be named as a Defendant." (Pl.'s Response 6:6–8, ECF No. 57). Furthermore, Plaintiff asserts that the surveillance video was

produced on June 19, 2014, and "the fact that Defendants did not initially produce the videos, did not produce the videos following Plaintiff's discovery requests, and forced Plaintiff to confer in person and in writing prior to producing the videos demonstrates that Defendant concealed and obstructed the plaintiff's investigation as to its identity." (*Id.* 6:9–22). Additionally, Plaintiff asserts that "the fact that Plaintiff only named Defendant Redmond, after having the opportunity to review the surveillance video, rather than haphazardly naming all correctional officers involved in the incident further demonstrates the careful diligence exercised by the Plaintiff in ascertaining and identifying the proper individual as a Defendant in this action." (*Id.* 6:23–26). Lastly, Plaintiff urges the Court to honor Nevada's strong public policy of resolving cases on their merits. (*Id.* 7:9–28).

The Court finds that, although Plaintiff might not have acted as expeditiously as possible, Plaintiff did exercise reasonable diligence in ascertaining Defendant Redmond's identity and moving to amend his Complaint. Plaintiff's delay was not unreasonable, and Plaintiff did utilize judicial mechanisms such as discovery to inquire into Defendant Redmond's true identity. Accordingly, the Court denies Defendant Redmond's Motion to Dismiss. Therefore, Plaintiff's Amended Complaint relates back to the date of his original Complaint, and his claims against Defendant Redmond are not barred by the statute of limitations.

### IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Defendant Redmond's Motion to Dismiss (ECF No. 53) is **DENIED**.

**DATED** this 22nd day of December, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Judge