# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DEONNES WILLIAMS, | |
| Plaintiff(s), | Case No. 2:13-cv-01340-GMN-NJK |
| vs. | ORDER DENYING MOTION TO COMPEL |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al., | (Docket No. 64) |
| Defendant(s). | |

Pending before the Court is Plaintiff's Motion to Compel. Docket No. 64.[1] Defendants filed a response in opposition, and Plaintiff filed a reply. Docket Nos. 65, 68. The Court finds the motion properly decided without oral argument. *See* Local Rule 78-2. For the reasons discussed more fully below, the briefing is not sufficiently detailed to enable a ruling on the motion and the motion is hereby **DENIED** without prejudice.

**I.    OVERVIEW AND ANALYSIS**

The parties are currently disputing two discovery issues. First, Plaintiffs seek the identity of a male placed in a side cell at CCDC who appears in a video. Second, Defendants produced a redacted version of Defendant Redmond's IAB complaints, but Plaintiff seeks an unredacted version.

---

[1] The motion to compel was initially filed on March 18, 2015, *see* Docket No. 62, but was denied without prejudice for failing to provide a sufficient certification regarding the meet-and-confer efforts required for such a motion, *see* Docket No. 63. The pending motion was filed on March 25, 2015.

A. <u>Timeliness</u>

Defendants argue as a threshold matter that the motion to compel is untimely because it was not brought within a reasonable time. Docket No. 65 at 3. Plaintiff appears to take the position that a discovery motion is always timely so long as it is brought before the deadline to file dispositive motions. *See* Docket No. 68 at 2-3. The parties fail to sufficiently address the factual and legal issues relevant to this inquiry, and the Court will not resolve the issue based on the present briefing.[2]

Neither the Federal Rules nor the Local Rules of this Court identify a deadline by which to file a motion to compel. Nonetheless, "broad discretion is vested in the trial court to permit or deny discovery, and its decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). Courts have made clear that a party may not unduly delay in filing its motion to compel. *E.g.*, *Gault v. Nabisco Co.*, 184 F.R.D. 620, 622 (D. Nev. 1999). Courts within this District have provided general guideposts regarding timeliness of motions to compel, indicating that motions to compel will rarely be found untimely if filed during the discovery period but should usually be filed prior to the deadline to file dispositive motions. *See id*. These are only general guideposts, however; they are not bright-line rules. The timeliness of each motion must be determined based on the circumstances specific to that case. *See, e.g.*, *E.E.O.C. v. Pioneer Hotel, Inc.*, 2014 WL 5045109, *1 (D. Nev. Oct. 9, 2014) (finding motion to compel filed the last day of discovery to be untimely). Quite simply, "[t]he requesting party cannot delay a motion to compel with impunity." *Gault*, 184 F.R.D. at 622. Untimeliness is sufficient ground, standing alone, to deny a discovery motion, *Affiliated FM Ins. Co. v. LTK Consulting Servs., Inc.*, 2012 WL 1903149, *5 (W.D. Wash. May 25, 2012), and courts "will often deny Rule 37(a) motions because the moving party delayed too long," 8B Wright, Miller & Marcus, Federal Practice & Procedure, § 2285 at p. 499 (2010).

---

[2] The Court is within its discretion to address the timeliness of a discovery motion *sua sponte*. *See, e.g.*, *Bonavito v. Nev. Prop. 1 LLC*, 2014 WL 5364077, *4 (D. Nev. Oct. 21, 2014). Nonetheless, the Court finds in this instance that it would be preferable for the parties to properly brief the legal and factual issues involved. The Court herein expresses no opinion as to whether the motion is timely.

Several judges in this District have recently turned to the non-exhaustive list of factors identified in *Days Inn Worldwide, Inc. v. Sonia Investments*, 237 F.R.D. 395, 398 (S.D. Tex. 2006) in analyzing the timeliness of a motion to compel. *See Pioneer Hotel*, 2014 WL 5045109, *1 (Foley, J.); *Krause v. Nev. Mut. Ins. Co.*, 2014 WL 428675, *2 (D. Nev. Feb. 4, 2014) (Hoffman, J.). These factors include: (1) the length of time since expiration of the deadline; (2) the length of time the moving party has known about the discovery; (3) whether the discovery deadline has been previously extended; (4) the explanation for the tardiness or delay; (5) the age of the case; (6) any prejudice to the party from whom the discovery is sought; and (7) disruption of the court's schedule. When the motion to compel also includes an implicit request to extend the discovery period, the movant must further show that the relevant standards for such an extension have been met. *See Pioneer Hotel*, 2014 WL 5045109, *2; *see also Thurston v. City of North Las Vegas*, 2011 WL 3841110, *1 (D. Nev. Aug. 29, 2011).

The parties did not address these factors and have not provided some of the basic factual information necessary to address them. By way of example, it is clear that Defendants objected to the interrogatory requiring identification of the male in the CCDC video on November 6, 2014, *see* Docket No. 64-2, but the parties have not identified when Plaintiff received the redacted version of Defendant Redmond's IAB complaints or the timing of events that led to his filing of the motion to compel on that issue. Plaintiff provides no explanation why he waited to bring the motion to compel. Plaintiff also fails to explain specifically how he intends to use the information sought.[3]

### B. Substantive Issues

As noted above, there are two discovery disputes currently before the Court. First, Plaintiff seeks the identity of a male placed in a side cell at CCDC. Second, Defendants produced a redacted version of Defendant Redmond's IAB complaints, but Plaintiff seeks an unredacted version. The Court finds

---

[3] Plaintiff asserts without elaboration that the discovery sought may reveal identities of individuals who would be willing to testify against Defendants. *See* Docket No. 68 at 4. To the extent Plaintiff intends to seek discovery based on any newly obtained information, he has failed to explain why a further extension of the discovery cut-off is proper. *See Pioneer Hotel*, 2014 WL 5045109, *2 (finding motion to compel untimely because, *inter alia*, it sought identities of witnesses from which the plaintiff would seek further discovery).

neither issue sufficiently briefed to enable resolution on the merits, even if the timeliness issue were properly briefed.

### 1. Identity of Male in Side Cell

Defendants object to the interrogatory requiring identification of the male in the side cell primarily on the ground that such information is privileged under N.R.S. 179A.110. Docket No. 65 at 4. The discussion of this privilege is cursory.

First, the statute applies to "records of criminal history," and neither party has addressed how identification of an individual appearing in a video qualifies as a "record of criminal history." Instead, Defendants assert without citation or elaboration that the statute "protects the identity of suspects." *See* Docket No. 65 at 4. The Court declines to rely on such *ipse dixit*.

Second, the parties acknowledge that N.R.S. 179A.110 provides an exception when information is disseminated pursuant to court order. Neither party explains what showing is required for the issuance of such order, however. Plaintiff merely argues that dissemination is proper when "a party requesting documents has made a *proper* showing that a Court may order the records." *See* Docket No. 64 at 11 (emphasis added). Neither party explains what makes up such a "proper showing."

Third, the parties dispute whether and to what extent N.R.S. 179A.110 applies in this case. Both parties acknowledge case law indicating that, even if the statute does not apply directly, the Court may consider it to the extent applicable and "to the extent the policies behind [the statute] are compelling." *Milligan v. McDaniel*, 2006 WL 1285418, *3 (D. Nev. May 10, 2006). Neither party addresses the policies behind the statute.

Fourth, the parties further fail to discuss whether the confidentiality concerns encompassed by N.R.S. 179A.110 are nullified by the existence of a stipulated protective order in this case that could prevent public disclosure of the information. *See Henry A. v. Wilden*, 271 F.R.D. 184, 190 (D. Nev. 2010).

Absent any discussion on those issues, the Court declines to rule on this disputed discovery request.

          2.       Redactions to IAB Complaints

The parties have similarly failed to sufficiently brief whether Defendants should be required to produce Defendant Redmond's IAB complaints without redaction. As a threshold matter, the parties do not explain with any particularity what information has been redacted. Defendants state in general terms that the redacted information "consists of officer and witness names, and investigative tasks." *See* Docket No. 65 at 7. The Court finds such description too vague and the Court is unable to rule on whether information should be redacted without a more specific showing regarding the nature of the information. *Cf. Milligan*, 2006 WL 1285418, at *3 (outlining procedure for creating privilege log so that the Court can "better consider the applicability of the asserted privileges in light of more specific information concerning the nature of the withheld information").

With respect to Defendants' reliance on N.R.S. 179A.110, their briefing merely incorporates the same analysis as discussed above. *See* Docket No. 65 at 7. Accordingly, the issue has not been sufficiently presented to enable a ruling for the reasons discussed above. *See* Section I.B.1.

Defendants' arguments on the IAB Complaints focus primarily on contending that the redacted information is protected by the self-critical analysis privilege. Docket No. 65 at 6-7. Plaintiff's reply fails to address that assertion of privilege. As an initial matter, the Court notes that Defendants did not raise this privilege in their response to the discovery request, *see* Docket No. 64 at 4, so it is not clear whether such an objection has been waived. More significantly, Defendants assert this privilege despite the fact that the Ninth Circuit has found the assertion of a "self-critical analysis privilege" to be "particularly questionable," and that the Ninth Circuit "has not recognized this novel privilege." *Union Pacific R. Co. v. Mower*, 219 F.3d 1069, 1076 n.7 (9th Cir. 2000) (citing *Dowling v. American Hawaii Cruises, Inc.*, 971 F.2d 423, 425-26 (9th Cir. 1992)). District courts throughout the Ninth Circuit have routinely rejected assertions of self-critical analysis privilege. *See, e.g.*, *Adams v. Teck Cominco Alaska, Inc.*, 232 F.R.D. 341, 346 (D. Ak. 2005) ("This court declines to recognize that 'so-called privilege' here"). "Quite plainly, the 'self critical analysis privilege' does not exist in the Ninth Circuit." *Howard v. County of San Diego*, 2011 WL 2182441, *4 (S.D. Cal. June 3, 2011) ("The Court declines to apply this non-existent privilege"). "Ultimately, Defendants assert the privilege in the face of (1) no law recognizing it in this Circuit and (2) a long line of District Court cases that expressly state that it does

not exist in the Ninth Circuit." *Id.* The circumstances of Defendants' assertion of the privilege here is particularly troubling given that Defendant LVMPD's assertion of this privilege was expressly rejected in another case in this District. *See Roadhouse v. Las Vegas Metropolitan Police Dept.*, 2010 WL 3738029, *2 (D. Nev. Sept. 20, 2010) (emphatically rejecting assertion of self-critical analysis privilege in light of *Union Pacific*).[4] None of this authority was discussed by the parties, and the Court declines to express an opinion on the self-critical analysis privilege based on the current briefing.

Lastly, Defendants contend that the redactions are proper because the information is irrelevant. *See* Docket No. 65 at 7. Defendants failed to cite to any legal authority of any kind showing that redaction on the basis of irrelevance is proper. The Court finds this significant in light of the authority indicating that "[t]he Federal Rules of Civil Procedure do not recognize irrelevance as a privilege or an objection that warrants redaction." *Medtronic Sofamor Danek, Inc. v. Michelson*, 2002 WL 33003691, *5 (W.D. Tenn. Jan. 30, 2002) ("Where the party seeking redaction has produced no caselaw or cited to no applicable privilege, information may not be redacted from a document because it is deemed irrelevant by the producing party, especially when a protective order is in place to govern production of confidential information"). The Court declines to express an opinion on redactions on the ground of irrelevance without either party providing meaningful discussion or citation to any case law.

## II. CONCLUSION

Parties are required to articulate their positions with meaningful discussion, supported by factual and legal citation. They did not do so in this instance and the Court declines to resolve issues that have not been presented properly. Accordingly, the motion to compel is hereby **DENIED** without prejudice. Any renewed motion to compel shall be filed no later than June 10, 2015. In the event that the motion to compel is renewed, the Court expects the parties' counsel to devote the time and resources necessary to present a meaningful and accurate discussion of the relevant legal and factual issues.

---

[4] The Court is deeply troubled that Defendants' counsel would raise this privilege without acknowledging the above authority. Attorneys owe this Court a duty of candor. *E.g.*, *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 585 (D. Nev. 2013). Attorneys also have an obligation to ensure that the legal arguments presented have a reasonable basis in law. *E.g.*, Fed. R. Civ. P. 11(b). Presenting this argument without referencing the above authority borders on the sanctionable. *Cf. Howard*, 2011 WL 2182441, at *4.

The dispositive motion deadline is hereby **SET** for July 2, 2015.  If a renewed motion to compel is filed, that deadline will be automatically suspended pending resolution of the renewed motion to compel.

IT IS SO ORDERED.

DATED: June 3, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge